NOT FOR PUBLICATION (Docket No. 19)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ROBERT K. VAN BLUNK, | |
| Plaintiff, | Civil No. 10-00686 (RBK/JS) |
| v. | **OPINION** |
| MCALLISTER TOWING OF PHILADELPHIA, INC. | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter arises out of the claim of Plaintiff Robert K. Van Blunk ("Plaintiff") for damages in negligence and under the General Maritime Law. Defendant McAllister Towing of Philadelphia, Inc. ("McAllister") moves for summary judgment, claiming that Plaintiff's claims are barred by judicial estoppel. As explained below, the Court grants in part and denies in part Defendant's motion for summary judgment.

I. **BACKGROUND**

Plaintiff was previously employed by Turecamo Coastal and Harbor Towing, Inc. ("Turecamo") as a deckhand from approximately 1987 to 1991. On April 22, 1994, Plaintiff brought an action against Turecamo ("the Turecamo litigation") for damages under the Jones Act and the General Maritime Law. The case went to trial before the summer of 1994. Prior to

reaching a jury verdict, Plaintiff settled with Turecamo for $240,000.00.  Pl. br. at 20; Def. Ex. A, at 51.

In the Summer of 1994, Plaintiff resumed his maritime career as a deck hand aboard a ferry for the Delaware River and Bay Authority ("DRBA").  In 1997, Plaintiff brought an action under the Jones Act and the general maritime law against DRBA, which Plaintiff settled with DRBA for $16,000.00.

Plaintiff was employed by Defendant McAllister Towing of Philadelphia, Inc. from 1998 until 2002 as a tugboat mate.  Def. Statement of Undisputed Facts ("SUF"), ¶ 28.  In 2004, Plaintiff was promoted by Defendant to serve as a tugboat captain.  Id. ¶ 42.  On January 22, 2008, Plaintiff alleges that he injured his shoulder while tossing a mooring line from the ship he was sailing, the Nancy McAllister, to a bollard on Defendant's dock.  Compl. ¶¶ 6-7.  Plaintiff underwent physical therapy for his shoulder from January 2008 to July 2008, and underwent a shoulder surgery on July 7, 2008.  Def. SUF, ¶ 45.

On October 6, 2008, Plaintiff applied to the United States Coast Guard for a renewal of Plaintiff's Merchant Marine License.  Id. ¶ 47; Def. Ex. D.

Plaintiff filed the two-count Complaint in this matter on February 8, 2010, claiming damages under tort and the General Maritime Law.  This Court has jurisdiction pursuant to the Admiralty Law, as modified by the Jones Act, 46 U.S.C. § 30104.  Defendant filed a motion for summary judgment on September 30, 2011.

II.   **STANDARD**

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

III.    **DISCUSSION**

Defendant argues that the Court should judicially estop Plaintiff from 1) claiming that he has a permanent maritime career-ending injury, and 2) presenting evidence that is contradictory to information certified by Plaintiff to the United States Coast Guard.  Plaintiff argues that

judicial estoppel should not bar Plaintiff, because the Defendant has failed to demonstrate that all of the elements of the doctrine of judicial estoppel are satisfied.

**1. The Elements of Judicial Estoppel**

Three elements comprise the doctrine of judicial estoppel: (1) "the party to be estopped must have taken two positions that are irreconcilably inconsistent"; (2) the party took the inconsistent positions "in bad faith-i.e., with intent to play fast and loose with the court"; and (3) application of the doctrine is "tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 319-20 (3d Cir. 2003) (internal citations omitted); New Hampshire v. Maine, 532 U.S. 742, 749 (2001).

Regarding the first element, judicial estoppel is intended to prevent a litigant from asserting a position inconsistent with one that it has previously asserted in the same or in a previous proceeding. In re Chambers Dev. Co., Inc., 148 F.3d 214, 229 (3d Cir. 1998). "It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from playing fast and loose with the courts." Id.

In the Third Circuit, a rebuttable inference of bad faith arises when the plaintiff had knowledge of the claim and "a motive to conceal the claim in the face of an affirmative duty to disclose." Id. (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416-18 (3d Cir. 1988)); see also Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 363 (3d Cir. 1996). The Third Circuit has held that the doctrine of judicial estoppel does not require that the party actually derive a benefit from asserting inconsistent positions. Ryan, 81 F.3d at 361. Though whether the party benefitted "may be relevant insofar as it evidences an

4

intent to play fast and loose with the courts," the fact that no benefit arose from the original position will not prevent the application of judicial estoppel. Id.

**2. Plaintiff's Statements During the Turecamo Litigation in 1994**

Defendant argues that Plaintiff must be estopped from bringing a claim for permanent maritime career-ending injury because he previously brought and settled a claim for permanent maritime career-ending injury. Plaintiff responds that Defendant cannot demonstrate that the elements of judicial estoppel are satisfied with respect to this claim.

As to the first element of judicial estoppel, Plaintiff argues that Plaintiff's positions taken in the present case and the Turecamo litigation are not irreconcilably inconsistent. Plaintiff argues that Plaintiff's injury claims in the Turecamo litigation were limited to Plaintiff's back, whereas in the instant case Plaintiff is claiming permanent disability for both his shoulder injury and an aggravation of his prior back injury. Pl. br., 19.

During the course of Plaintiff's prior litigation, Plaintiff made the following statement:

> Plaintiff underwent back surgery described as an L5-S1 hemi-laminectomy designed to reduce the pressure on the nerve roots leading to his legs. This surgery was successful in relieving the pain in his legs, but by reasons of the injury suffered to his back, *plaintiff is unable to return to work as a deckhand aboard tugs.*

Pl. Ex. 6, Pre-Trial Memorandum in the Turecamo Case, at 5 (emphasis added). Plaintiff argues that his prior claim that he was "unable to return to work as a deckhand aboard tugs" does not constitute a claim that he would never again be able to work as a mariner. Pl. br., 19.

The Court agrees with Plaintiff that the statement made in the prior case is not irreconcilably inconsistent with Plaintiff's claims in the current case. There is some ambiguity regarding whether Plaintiff claimed that his injury in the Turecamo litigation was truly

permanent. Plaintiff claimed that he was "unable to return to work," not that he would "never again be able to return to work. Furthermore, Plaintiff claimed that he would be unable to return to work as a "deckhand aboard tugs," not that Plaintiff would never be able to work again in any maritime position. Therefore, Defendant has failed to strictly satisfy the first element of judicial estoppel with regard to Plaintiff's statements in the Turecamo case.

With regard to the second element of judicial estoppel, the Court finds that Defendant has failed to sufficiently demonstrate that Plaintiff made the statements in bad faith during the Turecamo litigation. Plaintiff argues that the Turecamo statements were made 17 years ago, and that Plaintiff has not made inconsistent statements in litigations subsequent to Turecamo. The Court finds that Plaintiff has at least raised a genuine issue of material fact as to whether Plaintiff's statements were made in bad faith during the prior litigation.

Finally, in view of the considerable discretion that district courts have in applying judicial estoppel, the Court agrees with Plaintiff that there is a less harsh sanction available than application of estoppel. Application of judicial estoppel with respect to Plaintiff's statements in the Turecamo case would effectively foreclose "a plaintiff with a potentially meritorious claim from presenting [his] claim in court." Klein v. Stahl GmbH & Co., 185 F.3d 98, 108-110 (3rd Cir. 1999). Plaintiff notes that at trial, "the defense will have ample opportunity to cross-examine Plaintiff or present evidence regarding any alleged prior inconsistent claims." Pl. br., 21. The Court finds that it would not be a "miscarriage of justice" to allow Plaintiff's claims to proceed to trial in the instant litigation. Klein, 185 F.3d at 107. Accordingly, the Court holds that the "extraordinary remedy" of judicial estoppel need not be applied with respect to the Turecamo statements.

**3. Plaintiff's Certifications to the United States Coast Guard in 2008**

Defendant next moves for summary judgment as to Plaintiff's claims for any damages subsequent to October 6, 2008, claiming that judicial estoppel bars these claims. On October 6, 2008, Plaintiff certified to the United States Coast Guard that he had no medical issues that would interfere with his work as a mariner. Defendant argues that Plaintiff cannot now be allowed to make claims inconsistent with his prior certification to the Coast Guard. For the reasons expressed below, the Court agrees.

In Plaintiff's application to the United States Coast Guard, Plaintiff made the following statement: "I certify that all information provided by me is complete and true to the best of my knowledge." Def. Ex. D, at 4. This certification was signed by Plaintiff and dated October 6, 2008. The application required that Plaintiff complete the following sections:

> I- Applicant Information
>
> III- Vision
>
> V- Hearing
>
> VII- Certification of Physical Impairment or Medical Conditions

Id. at 1. In Section III, Plaintiff stated that he had "20/20" vision and that his field of vision was "normal." Id. at 2. In Section V, Plaintiff certified that his hearing was "normal." Id. Finally, in Section VII, Plaintiff provided certified responses to the question, "[d]oes the applicant have or ever suffered from [sic] any of the following [medical issues]?" Plaintiff specified that he had "no" issues regarding "[i]mpaired range of motion" and "[i]mpaired balance/coordination." Id. at 4. Plaintiff furthered specified that he had "no" "[r]ecent or repetitive surgery" and "no" "[o]ther illness or disability not listed." Id. Plaintiff answered "yes" only to the question of

7

whether Plaintiff had hypertension. Id. After receiving Plaintiff's application, the United States Coast Guard issued to Plaintiff a renewed license as a "U.S. Merchant Marine Officer" on December 11, 2008.

Turning to the first element of judicial estoppel, the Court finds that Plaintiff has made specific and unambiguous statements to a government agency regarding facts about Plaintiff's state of health on the date of Plaintiff's Merchant Mariner Application. Plaintiff clearly certified on October 6, 2008, that he had no medical issues restricting Plaintiff's range of motion, balance, coordination, or any other illness or disability not listed on the application. Plaintiff also claimed in his Complaint that,

> As a result of the . . . carelessness and negligence of the Defendant . . . he sustained injuries to his right shoulder, including, but not limited to, impingement with rotator cuff tear and labral fraying; he sustained injuries to his back and spine, including, but not limited to, aggravation and exacerbation of L5-S1 degenerative disc disease, the full extent of which has not yet been determined; he sustained other orthopaedic, neurological, and internal injuries; he sustained severe shock and injury to his nerves and nervous system; he has in the past required *and may in the future* continue to require medical care and attention; he has in the past been *and may in the future* be compelled to expend monies and incur obligations for such care and attention; he has in the past suffered *and may in the future* continue to suffer agonizing aches, pains and mental anguish; he has in the past been *and may in the future* continue to be disabled from performing his usual duties, occupations and avocations.

Compl. ¶ 8 (emphasis added). Plaintiff certified that "[a]ll the premises contained herein are true and correct." Id. ¶ 11. Plaintiff filed his certified Complaint on February 8, 2010, after certifying to the United States Coast Guard on October 6, 2008 that Plaintiff had no medical issues that would prohibit Plaintiff from working as a mariner.

The Court finds that based on the above statements by Plaintiff, the first element of judicial estoppel has been established. The Court finds that Plaintiff's claims for any damages

beyond the date of October 6, 2008 are specifically contradicted by, and are clearly inconsistent with, Plaintiff's certification to the United States Coast Guard.

The Court further finds that the second element of judicial estoppel has been established with regard to Plaintiff's statements to the Coast Guard. While one's own intentions are ultimately known only to himself, a rebuttable inference of bad faith arises when the plaintiff had knowledge of the claim and "a motive to conceal the claim in the face of an affirmative duty to disclose." In re Chambers, 148 F.3d at 229. The Court finds that, in Plaintiff's application for relicensure before the United States Coast Guard, Plaintiff certainly had a motive to conceal his claim pending before this Court, since Plaintiff wanted to receive relicensure by the Coast Guard. Therefore, it is clear that "bad faith-[an] intent to play fast and loose with the court" can be inferred as to Plaintiff's intentions in making his certified statements to the Coast Guard. Krystal Cadillac-Oldsmobile, 337 F.3d at 319-20.

The Court finds that Plaintiff has failed to rebut this inference of bad faith. Plaintiff argued that bad faith should not be inferred because it was Plaintiff's physician, not Plaintiff, who filled out the Merchant Mariner Physical Examination Report. However, as noted above, Plaintiff was required to individually certify his responses to numerous specific medical questions. Plaintiff did in fact certify that he did not have any of the listed medical issues, with the exception of high blood pressure. Therefore, the Court finds that Plaintiff's explanation for the inconsistent statements fails to rebut the inference of bad faith. Accordingly, the second prong of judicial estoppel has been established.

Finally, the Court finds that Plaintiff's statements to the Coast Guard in 2008, and Plaintiff's statements to this Court during this litigation are so fundamentally inconsistent, and so

suggestive of bad faith, that no sanction short of judicial estoppel would be appropriate.  Plaintiff argues that this Court should not estop Plaintiff from making these statements at trial, since Defendant will be entitled to cross-examine Plaintiff regarding his statements to the Coast Guard.  However, the Court finds that application of the doctrine of judicial estoppel is warranted in this case to prevent manifest injustice to Defendant.  The Court notes that during the Turecamo litigation, Plaintiff represented to that court that Plaintiff would be unable to return to work as a deck hand, and yet did so within several weeks after receiving a $240,000.00 settlement payment.  Defendant in the instant litigation would be similarly prejudiced if this Court declined to apply judicial estoppel in this case.

     Federal courts have applied the doctrine of judicial estoppel in situations similar to the instant litigation.  For example, in Detz v. Greiner Indus. Inc., 346 F.3d 109 (3rd Cir. 2003), judicial estoppel was applied where Detz represented to the Social Security Administration during a disability payment application that he was disabled, and subsequently sued his employer for age discrimination.  In his Social Security disability application, Detz stated that he was "disabled" and "unable to work," and then represented to the Detz Court, as part of his prima facie case of employment discrimination, that he was able to adequately perform his work.  The Third Circuit found that Detz's "failure to adequately reconcile the two contrary positions [wa]s fatal to his prima facie showing of age discrimination."  Id. at 111.  Similarly, in Palcsesz v. Midland Mutual Life Ins. Co., 87 F. Supp. 2d 409 (D.N.J. 2000), judicial estoppel was applied to bar a widow's claims for her deceased husband's life insurance benefits when the widow had previously represented to a court that her husband had committed suicide due to "occupational stress."  Id. at 409.  Palcsesz was awarded a workers' compensation benefit due to that

representation.  Id.  However, she was subsequently estopped in her subsequent life insurance action from arguing that her husband's death was not caused by suicide.  Id.

Judicial estoppel is appropriate where a party's intentional misrepresentations may have serious consequences to the safety and wellbeing of others.  Defendant notes the importance of reporting accurate statements to the United States Coast Guard in licensure applications.  Def. br. at 12 (citing In re City of New York, 475 F. Supp. 2d 235 (E.D.N.Y. 2007) (noting that the Staten Island Ferry crash of October 2003, which resulted in the loss of 11 lives, was directly caused by the inattentiveness of the ferry's assistant captain, who was impaired by medication he was taking for a condition of which the Coast Guard was unaware)).  The Court finds that because "no lesser sanction would adequately remedy the damage done by the litigant's misconduct," Krystal Cadillac, 337 F.3d at 319-20, Plaintiff must be estopped from claiming damages beyond the date of Plaintiff's application for relicensing before the United States Coast Guard.

IV.  **CONCLUSION**

For the foregoing reasons, the Defendants' motion for summary judgment is **DENIED** as to Defendant's request that the claims of Plaintiff Robert K. Van Blunk ("Plaintiff") be dismissed in its entirety.  Defendant's motion for summary judgment is **GRANTED** as to Defendant's request that Plaintiff be estopped from arguing that Plaintiff was disabled after the date that Plaintiff submitted his application for relicensure to the United States Coast Guard.  Accordingly, Plaintiff is hereby estopped from seeking any damages pertaining to any time period beyond October 6, 2008, the date that Plaintiff certified to the United States Coast Guard

that he had no injuries or limitations that prevented him from serving as a mariner.  An appropriate Order shall issue.

Dated:  3/12/12                                                  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge